## Rossy v. Molfulleda.

Appeal from the District Court of San Juan.

No. 284.—Decided November 12, 1908.

Appeal—Statement of the Case—Review of Evidence.—Where there is no bill
of exceptions or statement of the case, this court cannot review the evidence.

Id.—Bill of Exceptions—Transcript of Minutes.—The transcript of the min-
utes certified to by the secretary cannot serve the purpose of a bill of excep-
tions because a bill of exceptions must be approved and signed by the trial
judge.

Personal Appearance of a Party.—A party has the privilege of appearing be-
fore the court in his own behalf without the necessity of employing counsel.

Id.—Right to Represent Codefendants.—Where a defendant personally appears
in his own behalf, he cannot assume the representation of his codefendants.

The facts are stated in the opinion.

The appellant, Molfulleda, personally appeared in his own
behalf.

The respondent did not appear.

Mr. Justice MacLeary delivered the opinion of the court.

This appeal originated in an action brought by Manuel
F. Rossy, Esq., against Juan Molfulleda and Damiana Huer-
tas for fees alleged to be due the plaintiff for services, as an
attorney and counselor at law, rendered to the defendants
at their request, and for which they refuse payment.

On the 13th of February, 1907, the District Court of San
Juan, in its first section, rendered judgment, in favor of the
plaintiff and against the defendants for the amount claimed
and costs.

A motion for a new trial was made by Juan Molfulleda
and overruled by the court. An appeal was taken from this
order overruling the motion for a new trial and it was dis-
missed by the Supreme Court, on the 15th of October, 1907,.
for noncompliance with rule 50 established by this court re-
quiring transcripts of the record to be filed within 20 days
from the date at which the notice of appeal was given.

On the 21st of October of the same year the appellant, Molfulleda, presented another motion in the district court requesting therein that Damiana Huertas and the Succession Cuzzó should be exonerated from the effects of the judgment of the 13th of February, 1907, inasmuch as they had not been summoned for the trial, and said motion was also dismissed on the 30th of October.

On the 6th of March, 1908, Molfulleda presented a petition to the district court dated 25th of February, 1908, requesting therein that the judgment of the 13th of February, 1907, be declared null and void, or otherwise that defendants Damiana Huertas and the Succession Cuzzó be exonerated from the effects of the judgment and in case this last petition is not granted that certain items be deducted from the total amount claimed by the plaintiff. This petition the district court, by an order made on the 21st of March last, also denied, stating that it was based on the same grounds as the motion for a new trial, and the motion to reconsider the order overruling the same, and had the same end in view. And the court further, in accordance with rule No. 18 of the district courts, ordered that said Molfulleda should present no more motions in regard to the matters decided in the said judgment. On the 28th of March, 1908, the said litigant, Juan Molfulleda, appealed from the last order made by the district court, as above set forth, on the 21st of the same month. This is the appeal which is now pending and which we have under consideration. The record is unique in its composition consisting of certified copies of various papers said to be on file in case No. 242 brought by *M. F. Rossy* v. *Juan Molfulleda et al.,* and of other papers merely copied without being certified.

There is no statement of the case, nor bill of exceptions, nor statement of facts to be found in the record; and in consequence no means is in the power of this court of ascertaining what were the facts which the district court had before it in the consideration and decision of this case.

True it is that there is a document purporting to be a copy of certain minutes of the court, certified to by the secretary; and in the same certificate the secretary says that Juan Molfulleda presented an exposition of the case which was approved by the court on the 23d day of March, 1907; but it nowhere appears in the transcript of the record presented here; possibly because it was not supposed to properly belong to the same.

The transcript from the minutes, which is probably intended to serve as a bill of exceptions cannot serve as such, because a bill of exceptions must in all cases be approved and signed by the trial judge. And even had this document been so signed it is so framed as to be entirely useless to this court in considering this case. It states among other things that the defendant Molfulleda was authorized to appear in court in his own behalf; which was right and proper and the same privilege was accorded him here. The document recites that certain papers were offered in evidence, by the plaintiff and defendants, respectively, marked with certain numbers, and that some of them were admitted and others rejected, but the papers are not identified so as to become a part of the record and it is impossible to say whether or not the loose copies which are scattered through the record are the ones referred to or not; there being nothing to show such to be the fact. Nor is it stated that such papers and others, which are certainly omitted from the record, constitute all the evidence produced; and indeed this could not be as oral evidence is referred to and there is no attempt to set it out in any way whatever. Then it is impossible to consider the facts of this case and we are confined, in our consideration thereof, to errors of law if any such are to be found in the record.

There is no index to the transcript and no assignment of errors nor has the appellee thought the matter of sufficient importance to file a brief. Then we must grope our way through the record, guided alone by the glimmering rays of light afforded by the brief of the appellant. In this matter it

must be borne in mind that Juan Molfulleda represents himself alone. He had no authority to represent his codefendants Damiana Huertas and the Estate of Cuzzó, except in so far as he may be their agent, and on that account personally liable for their obligations. Then we cannot consider his application to have them exempted from the force of the judgment rendered by the district court in this case on the 13th of February, 1907. If they wished such exemption they should have made application therefor in the proper manner through the proper channel.

Besides, the defendants—that is to say, all of the defendants mentioned in the complaint by F. Ramírez de Arellano, Esq., their attorney—appeared and filed an answer to the complaint on the 25th of June, 1906, and their representative being an attorney of the Supreme Court, authorized to practice in the district courts of this Island, his authority to represent them cannot be called in question in this irregular, or to say the least, collateral manner. Then the court was justified in rendering the judgment against all the defendants without any special citation served upon them. The answer duly presented by the attorney and bearing his signature supersedes the necessity of personal service.

It may possibly be true that the court below erred in rendering the judgment in this case, but unless that proposition is verified by the record presented to us we, as an appellate court, are powerless to afford the appellant any relief.

There is nothing in the record, save the unsupported assertion of the appellant, to show that the plaintiff made seven cases out of three, nor to show any extortion or overcharge in the fees claimed for legal services.

Unless there were a statement of facts contained in the record it must be impossible to determine, as contended by appellant, that there was no proof of the debt on which the action is based.

There being nothing in the record, as presented here, showing any fundamental error, the judgment of the court below must be affirmed.

*Affirmed.*

Justices Hernández, Figueras and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.